IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

APPLE CENTRAL KC, LLC,

    Plaintiff,

    v.

APPLEBEE'S FRANCHISOR, LLC,

    Defendant.

Case No. 2:25-cv-02358-HLT

## ORDER

Defendant Applebee's Franchisor, LLC moves to withdraw the reference from the bankruptcy court and transfer the underlying adversary proceeding to the district court under 28 U.S.C. § 157(d), Bankruptcy Rule 5011(a), and D. Kan. Rule 83.8.6. The bankruptcy court recommends the Court deny the motion. The Court has reviewed the governing law, the parties' briefing, and the report and recommendation (R&R) of the bankruptcy judge. The Court adopts the R&R and denies the motion to withdraw the reference because permissive withdrawal is not warranted under the relevant factors.

I.    **BACKGROUND**

Defendant franchises the casual-dining restaurants known as Applebee's Grill & Bar. Defendant enters agreements with franchisees allowing franchisees to operate the restaurants subject to specific terms. Franchisees in exchange pay Defendant monthly royalties based on revenue.

Plaintiff Apple Central KC, LLC[1] entered various franchise agreements with Defendant. Plaintiff ran eight restaurants for many years. But Plaintiff closed restaurants without Defendant's consent on October 30, 2024. Plaintiff filed a Chapter 11 bankruptcy petition the same day, and Defendant filed a civil case in the District of Kansas, Case No. 2:24-cv-02497-HLT-BGS ("Civil Case"). Defendant sued Plaintiff's principal and guarantors in the Civil Case. Defendant alleges they are responsible for Plaintiff's breaches of the franchise agreements and lease assignments. Defendant also filed a proof of claim in the bankruptcy case on January 8, 2025. Defendant represented the proof of claim is for damages from Plaintiff's breach of contract.

Plaintiff brought an adversary proceeding in bankruptcy court, Adversary No. 25-6002 ("Adversary Proceeding") against Defendant on January 13, 2025. Plaintiff asserts claims for breach of the franchise agreements, breach of the covenant of good faith and fair dealing, and an objection to the proof of claim. Defendant answered and counterclaimed.

Defendant asks the Court to withdraw the reference of the Adversary Proceeding to the bankruptcy court and to consolidate all disputes in the district court.

## II.   STANDARD

The District of Kansas refers proceedings to the bankruptcy court under 28 U.S.C. § 157(a) and D. Kan. Rule 83.8.5(a). But there are circumstances under which that referral may be withdrawn. The district court may withdraw a matter on its own or on motion of a party for cause shown. 28 U.S.C. § 157(d). A party who wants the district court to withdraw its reference must file a motion to transfer. D. Kan. R. 83.8.6(a). The bankruptcy judge then submits a written

---

[1] Apple Central KC, LLC is the debtor in the underlying adversary proceeding before the bankruptcy court. For purposes of this order, the Court refers to the parties as they are identified in this district court case: Apple Central KC, LLC as "Plaintiff" and Applebee's Franchisor, LLC as "Defendant."

recommendation. *Id.* R. 83.8.6(c). And the party seeking withdrawal of reference bears the burden to show cause. *In re Lindemuth*, 2022 WL 369413, at *5 (D. Kan. 2022).

## III.   ANALYSIS

Defendant argues that cause exists for permissive withdrawal of reference. Courts consider several non-exclusive factors to decide whether cause exists: (1) the nature of the claim(s), core or non-core; (2) judicial economy; (3) forum-shopping prevention; (4) uniform bankruptcy administration; and (5) whether there is a jury demand. *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993). Whether the claims are core or non-core is the central question but not dispositive. Some of the other factors turn largely on that initial determination.

The bankruptcy court recommends that this Court deny Defendant's motion for withdrawal of reference.[2] The Court finds no error in the bankruptcy judge's approach and adopts the R&R in full. The Court reaches the same conclusion based on its own independent review of the law and briefing. Each of the factors for cause weigh in favor of Plaintiff.

### A.   Core or Non-Core Claims.

The parties spend much time discussing whether the claims in the Adversary Proceeding are core or non-core. But Defendant ultimately concedes the bankruptcy court can enter a final judgment, which effectively resolves the core/non-core issue. Nevertheless, the Court agrees the claims are core claims as discussed below.

---

[2] Plaintiff contends that Defendant's "Statement" regarding the R&R is insufficient to preserve specific objections to the R&R. But Defendant's approach appears consistent with the process contemplated by the District's local rules. *See* D. Kan. R. 83.8.6(c) ("The motion for transfer, together with a written recommendation of a bankruptcy judge, shall be transmitted by the clerk of the Bankruptcy Court to the clerk of the District Court. The latter shall assign the motion to a district judge who shall rule ex parte or upon such notice as the district judge shall direct."); *see also Flex Fin. Holding Co. v. OneBeacon Ins. Grp. LLC*, 2016 WL 755611, at *1 (D. Kan. 2016) (noting that the court did not invite further briefing and denying the plaintiff's motion for leave to oppose the R&R).

Bankruptcy judges may hear and resolve bankruptcy cases and "all core proceedings arising under title 11." 28 U.S.C. § 157(b)(1). Statutory "core proceedings" include matters concerning the administration of the estate. 28 U.S.C. § 157(b)(2)(A)-(P). A matter that does not exist outside of bankruptcy is a "core" proceeding. *In re Gardner*, 913 F.2d 1515, 1518 (10th Cir. 1990). Bankruptcy judges may enter final orders and judgments for claims that are statutorily and constitutionally core. *See Stern v. Marshall*, 564 U.S. 462, 499 (2011) (noting that a bankruptcy court may not enter judgment on all statutorily core claims); *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 35-37 (2014) (holding bankruptcy courts may submit proposed findings of fact and conclusions of law for "*Stern* claims," which are claims that are statutorily core but not constitutionally core). A non-core claim is one that "does not invoke any substantive right under federal bankruptcy law and in the absence of bankruptcy, could have been brought in a district court or state court." *In re Dynamic Drywall, Inc.*, 2015 WL 4497967, at *3 (Bankr. D. Kan. 2015) (citations omitted).

Two of the claims in the Adversary Proceeding are contract claims. These are based on state law and, as the bankruptcy judge acknowledged, are arguably non-core. But merely being grounded in state law does not automatically render a claim non-core. Section 157 identifies certain proceedings as core proceedings, including the "allowance or disallowance of claims against the estate" and "counterclaims by the estate against persons filing claims against the estate." 28 U.S.C. § 157(b)(2)(B), (C). Counts I and II are in substance counterclaims (to the proof of claim) for breach of the franchise agreements and the covenant of good faith and fair dealing. They are filed by the debtor (Plaintiff) against a party who has filed a claim against the estate (Defendant). Count III is an objection to Defendant's proof of claim filed in the bankruptcy proceeding. It bears

4

directly on the allowance or disallowance of claims against the estate. The claims in the Adversary Proceeding therefore facially fall within § 157's enumerated categories.

All three claims in the Adversary Proceeding are integrally tied to Defendant's proof of claim. Defendant filed the proof of claim to attempt to collect from Plaintiff's bankruptcy estate. If Plaintiff succeeds on its claims in the Adversary Proceeding, that will negatively impact Defendant's ability to collect from Plaintiff's estate. Conversely, if Defendant succeeds in the Adversary Proceeding, that will positively impact Defendant's ability to collect from Plaintiff's estate. Either way, the Adversary Proceeding will impact the "most elemental of all core bankruptcy functions: determining if a creditor may collect from a debtor's estate." *In re CBI Holding Co.*, 529 F.3d 432, 461 (2d Cir. 2008).

Defendant also filed its proof of claim, thereby voluntarily submitting to the equitable jurisdiction of the bankruptcy court.[3] "[B]y filing a claim against a bankruptcy estate the creditor triggers the process of' 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power." *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990); *see also In re G.I. Indus., Inc.*, 204 F.3d 1276, 1280 (9th Cir. 2000) ("By filing the proof of claim, Benedor voluntarily subjected the agreement to the bankruptcy court's jurisdiction as well, because the agreement is an integral component of the bankruptcy court's consideration of Benedor's claim."). This does not mean that Defendant has consented to resolution of <u>all matters</u>. But Defendant has effectively consented to resolution of claims that stem "from the bankruptcy itself or would necessarily be resolved in the claims allowance process." *Stern*, 564 U.S. at 499. Defendant

---

[3] Defendant suggests that it had no choice but to file the proof of claim if it wanted to collect. This may be true. But it does not make the decision involuntary. Filing the proof of claim remains a voluntary submission of the matter to the equitable jurisdiction of the bankruptcy court. *See, e.g.*, *Harker v. Webb*, 2021 WL 4125437, at *7 (S.D. Ohio 2021) (observing there are consequences to invoking the aid of the bankruptcy court); *In re Lender's Decision, Inc.*, 1997 WL 665478, at *4-*5 (N. D. Ill. 1997) (discussing the impact of a party's decision to file a proof of claim).

5

acknowledges this in its reply brief: "[Plaintiff] dedicates a significant portion of the Opposition to the argument that the Bankruptcy Court can enter a final judgment in this Adversary Proceeding, a point never contested by [Defendant]." Doc. 3 at 1-2. The Court understands that the bankruptcy court may have to consider state-law issues to decide the parties' obligations under the franchise agreements. But these decisions are inextricably linked to the proof of claim. They are an integral part of the bankruptcy court's core function. The Court determines that the claims in the Adversary Proceeding are core claims upon which the bankruptcy court may enter orders and judgments. This factor weighs in favor of denying withdrawal.

### B.   Remaining Factors.

The remaining factors lean in the same direction, supporting the conclusion that permissive withdrawal is not warranted here.

First, <u>judicial economy</u>. The bankruptcy court is far more familiar with the parties, agreements, and issues than this Court is. For all intents and purposes, the Chapter 11 bankruptcy petition and the Civil Case were filed simultaneously. The Civil Case has had minimal activity. It is presently stayed pending this decision. But the bankruptcy judge has presided over several hearings and considered and adjudicated multiple motions and objections. The bankruptcy judge has become familiar with the parties and their positions. Any judgment entered by the bankruptcy court will be final and capable of being given preclusive effect. Moreover, it seems likely that if this Court withdrew the reference of the Adversary Proceeding, the progress in the bankruptcy proceeding may be delayed while this Court resolved the claims. This suggests that maintaining the Adversary Proceeding in bankruptcy court would promote judicial economy.[4]

---

[4] The Court acknowledges Defendant's argument that the bankruptcy court cannot enter judgment against <u>all</u> parties (including the principal and guarantors sued in the Civil Case). This is true. The Court nevertheless does not find judicial economy to be compromised by the existence of the Civil Case.

Second, <u>forum-shopping prevention</u>. There is nothing suggesting that inappropriate forum shopping is at issue here. Plaintiff filed the Adversary Proceeding after Defendant filed its proof of claim in the bankruptcy case. Defendant made the conscious choice to subject itself to the jurisdiction of the bankruptcy court. The Court understands Defendant may have felt compelled to do so to preserve its claim. But this does not make Plaintiff's response (filing an objection in the Adversary Proceeding) forum shopping.

Third, <u>risk of inconsistency/uniform bankruptcy administration</u>. The issues in the Adversary Proceeding mirror those that must be resolved to determine the validity of Defendant's proof of claim (i.e., who breached the franchise agreements and what the damages are). Defendant's claims in the Civil Case are also related, although the Civil Case is against different parties. But, again, the Civil Case has not progressed. The state-law contract issues appear fairly simple. And there is not a significant difference in the number of defendants named in the Civil Case but not named in the Adversary Proceeding. They are merely the parties who may have to pay if Plaintiff owes Defendant money. The claims against the guarantors are derivative of Defendant's claims against Plaintiff as the debtor in the bankruptcy proceeding (and Defendant's counterclaims in the Adversary Proceeding). District courts are familiar with affording judgments in other cases preclusive effect where appropriate and can do so here.

Finally, <u>jury demand</u>. Defendant filed a jury demand in the Adversary Proceeding. Plaintiff responded, asking the bankruptcy court to strike the jury demand. The bankruptcy court did so. In so-doing, the bankruptcy court noted that Defendant did not contest Plaintiff's motion as to its own demand; one of Defendant's affiliates was driving the opposition to the motion to strike. Adversary No. 25-6002, Doc. 49 at 3. The right to a jury trial does not extend to cases of equity jurisdiction. And creditors who file proofs of claim run the risk of waiving their right to a jury trial on certain

claims. *See In re CBI Holding Co.*, 529 F.3d at 466; *Rebein v. Kost*, 2006 WL 3842124, at *2 (D. Kan. 2006). This factor also weighs against withdrawal of the reference.

## IV.   CONCLUSION

Defendant bears the burden to show that cause exists for withdrawal of the reference to the bankruptcy court. Defendant fails to meet that burden. The Court therefore adopts the bankruptcy court's R&R and denies Defendant's motion.

THE COURT THEREFORE ORDERS that the R&R of the bankruptcy court (Doc. 4) is ADOPTED. The motion to withdraw the reference (Doc. 1) is DENIED. The case is closed.

IT IS SO ORDERED.

Dated: September 12, 2025                         /s/ *Holly L. Teeter*
                                                  HOLLY L. TEETER
                                                  UNITED STATES DISTRICT JUDGE